IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| KWASHAAD COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 625-006 |
| | ) |
| BRIAN SEARLES, | ) |
| | ) |
| Defendant. | ) |

_____

**O R D E R**
_____

Plaintiff filed the above-captioned case concerning a 2023 motor vehicle accident on February 11, 2025, asserting jurisdiction based on diversity of citizenship and an amount in controversy that exceeds $75,000.  (Doc. no. 1.)

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case."  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

In the instant case, Plaintiff again alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. no. 1, p. 1.) Plaintiff demands damages "in excess of Seventy-Five Thousand Dollars ($75,000.00) to compensate Plaintiff for physical injury, impairment that may be permanent, physical and emotional pain and suffering, lost wages, and past and future medical expenses." (Id. at 2-3.) Plaintiff further alleges he suffers from "sacroiliac joint pain, lumbar radiculopathy, and left leg radicular pain from lumbar injury" and his past and future medical treatment needs include "epidural injections, facet targeted injections, lumbar medial branch blocks, bilateral steroid-based sacroiliac joint injections, and transforaminal epidural steroid injections." (See id. at 2.) Other than the demand for a judgment exceeding $75,000, there is no specific amount of damages claimed in the complaint and Plaintiff makes no attempt to itemize or quantify the damages associated with his claimed injuries or necessary medical treatment. (See generally doc. no. 1.)

The Eleventh Circuit has explained:

> A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 [] (1938).

> Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Red Cab Co., 303 U.S. at 289 []. However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356–57 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072–77 (11th Cir. 2000).

Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Because Plaintiff claims indeterminate damages,[1] he must prove, by a preponderance of the evidence, his claims meet the jurisdictional minimum. Accordingly, the Court **ORDERS** the Plaintiff to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

SO ORDERED this 12th day of February, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "The amount in controversy, . . . [i]s indeterminate because Plaintiff made no effort to quantify his damages." Doane v. Tele Cir. Network Corp., 852 F. App'x 404, 407 (11th Cir. 2021) (*per curiam*).

3